### Sam Smith v. The State.

No. 10630. Delivered April 13, 1927.

Rehearing denied State May 11, 1927.

**1.—Manslaughter—Argument of Counsel—Defendant's Failure to Testify— Reversible Error.**

Where the state's counsel in his argument to the jury used the expression, "This defendant not testifying, this defendant, I do not mean to refer to this defendant not testifying." The effort of the County Attorney to correct his mistake but accentuated the error. Art. 710, C. C. P., is mandatory. As long as the statute remains as it is, this court must enforce it. Appellant's bill of exception presenting the matter is sufficient, and the judgment must be reversed.

**2.—Same—Evidence—Conclusion of Witness—Improperly Admitted.**

Appellant complains of the court permitting a witness, over his objection, to testify that "deceased did not make any effort to pull his gun out, just before the defendant shot him." This testimony was a conclusion of the witness. He should have been required to describe the incident as he saw it, and not to give his impression or conclusion.

ON REHEARING BY STATE.

**3.—Same—Bill of Exception—Held Sufficient—Rule Stated.**

A bill of exception complaining of a reference to defendant's failure to testify by counsel for the state, must show that the accused did not testify. This rule has been asserted many times. It is not applicable, however, in this case, for appellant's bill does state "He having elected not to testify in this cause," and is a sufficient averment that he did not testify.

Appeal from the District Court of Robertson County.   Tried below before the Hon. W. C. Davis, Judge.

Appeal from a conviction for manslaughter, penalty five years in the penitentiary.

The opinion states the case.

*Bush & Parten* of Franklin, for appellant.   On counsel's reference to his failure to testify, appellant cites:   Wilcox v. State, 141 S. W. 88; Hunt v. State, 12 S. W. 737; Reed v. State, 16 S. W. 99; Jordan v. State, 16 S. W. 543; Morgan v. State, 136 S. W. 1065; Deary v. State, 137 S. W. 699; Williams v. State, 146 S. W. 168; Manly v. State, 153 S. W. 1141; Cober v. State, 162 S. W. 869.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Appellant was indicted for the murder of D. Jones.   Conviction was for manslaughter, punishment being five years in the penitentiary.

It is unnecessary to state the facts.   The judgment must be reversed for a clear violation of the mandatory provision of Art. 710, C. C. P., which prohibits the allusion to or comment on accused's failure to testify.   It is suggested by the State's Attorney that the bill of exception bringing the point forward may not be full enough.   The bill shows that the language used by the County Attorney was: "This defendant not testifying, this defendant, I do not mean to refer to this defendant not testifying."   It also shows that attorney for appellant immediately objected because the language was in violation of the statute and was a direct reference to the failure of appellant to testify, "He having elected to not testify in this cause."   The bill in our opinion does not fail to show that appellant did not testify.   The very language objected to makes it apparent and the further statement in quotation removes any possible doubt.   It is unfortunate that the County Attorney forgot himself.   Realizing at once the mistake he had made he undertook to retrieve it, but if the means employed had been intentional the failure of accused to testify could have been no more forcefully called to the jury's attention.   As long as the statute remains as it is this court must enforce it.   We find in the record an affidavit with reference to this matter, but in view of the court's approval of the bill of exception, together with the fact that he instructed the jury not

to consider the remark of counsel, we cannot consider the affidavit.

Several other bills of exception are found in the record. Some of them are qualified. We think, as presented, none of them show error. One of them complains that the state was permitted to prove that "deceased did not make any effort to pull his gun out * * * just before the defendant shot him." Of course the state had a right to prove, if it could, that deceased made no effort to draw a gun. The objection was that the question called for a conclusion of the witness, but the bill is not sufficiently full to make this apparent. The matter is upon a vital issue in the case and attention is directed to it in order that upon another trial examination of witnesses upon this point may not involve their conclusions if it did do so in the present trial.

· The judgment is reversed and the cause remanded.

*Reversed and remanded.*

### ON STATE'S MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In his motion for rehearing, state's counsel cites many authorities to the point that the complaint of the reference in argument of the failure of the accused to testify is not available in the absence of exceptions showing that the accused did not in fact testify. This rule has been asserted many times, and its existence is not open to question. In its application, however, to the present record we are not able to concur with the views of the State's Attorney. On the face of the bill, as shown in the original opinion, it is made to appear that counsel in argument did refer to the appellant's failure to testify, and an exception was immediately addressed and a bill reserved in which the language used, referring to the accused, is: "He having elected not to testify in this cause." In holding the bill sufficient to comply with the rule heretofore announced, the opinion is expressed that no violence has been done to the precedents.

The motion is overruled. *Overruled.*