DOCK BRUMBELOW V. THE STATE.

No. 15387.    Delivered November 23, 1932.
Reported in 54 S. W. (2d) 528.

The opinion states the case.

*Levi Pressly* and *W. E. Myres*, both of Fort Worth, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is robbery; the punishment, confinement in the penitentiary for ten years.

Fred Eudy, who was an employee of the Coca Cola Bottling Company in the city of Fort Worth, was taking $1,058 in money and $484 in checks to the Fort Worth National Bank. He noticed a Buick car with two men in it following him. When he stopped on a light signal, W. H. Green got out of the Buick and got in his (Eudy's) car. Holding his hand in his pocket, he ordered Eudy to drive to a certain street. Believing he was in danger, Eudy obeyed his command. The Buick car driven by the other man followed them. Green finally ordered Eudy out of the car, and he obeyed, leaving his money and checks in the car. The man in the Buick car was not immediately present when Eudy left his car. When he recovered his car, Eudy found that the money and checks had been taken by Green. On the trial Eudy was unable to identify appellant as the party who was with Green on the occasion in question.

Testifying for the state, Green admitted that he was the man who took the money and checks from the possession of Eudy and declared that he and appellant had previously entered into an agreement to rob Eudy. He said that appellant followed in the Buick automobile while he rode with Eudy to the place where he ordered Eudy to leave the car. He testified that he (Green) had his hand in his pocket at the time, but had no pistol. He testified, further, that after getting the money and checks he took them to his home, where he divided the money with appellant.

In view of the disposition we make of the case we deem it unnecessary to discuss the testimony offered by the state to corroborate the accomplice witness Green. Suffice it to say that one witness testified, in effect, that appellant told him that he and Green robbed Eudy. Another witness testified that shortly after the robbery appellant bought an automobile from him, paying him $200 in money, and that appellant later returned and asked him not to tell that he had paid him in money. Other statements made by appellant were introduced by the state as tending to corroborate the accomplice witness Green.

It was charged in the indictment that appellant took from the possession of Eudy $1,058 in money "and $484 in checks of the value of $484." Appellant made a motion to quash that part of the indictment charging the taking of the checks on the ground that the checks were not sufficiently described. We think the motion was well taken, and that the court should have

treated the allegations as to the checks as surplusage. In Holland v. State, 110 Texas Crim. Rep., 384, 10 S. W. (2d) 561, in the opinion on motion for rehearing, this court held that an indictment charging that the appellant took one check of the value of $12.35 failed to sufficiently describe the check, and sustained Holland's contention that the indictment should have been quashed. In the present case the court submitted to the jury, not only the taking of the money described in the indictment, but also the checks. As the allegation regarding the checks does not sufficiently describe same to justify the submission to the jury of the guilt of appellant as dependent upon his taking such checks, if it be desired to seek the conviction of appellant for taking these checks, a new indictment should be returned setting out a more extended description than appears. Apparently the taking of the checks was part of the res gestae of the taking of the money alleged to have been taken, and, for this reason, evidence of the taking of said checks might be held admissible as part of the transaction; but, if the case is to be tried again on the indictment before us, the question of guilt of appellant, as dependent upon the taking of the checks, should not be submitted to the jury.

Without setting out appellant's objections to the charge on principals, we express the opinion that on another trial the charge shown be so drawn as to meet the exceptions found in the present record.

As shown by bill of exception No. 2, the state proved that shortly after the robbery appellant bought an automobile, for which he paid $200 in money. Appellant did not testify in his own behalf. The assistant district attorney, in his argument, after criticising appellant for not producing witnesses to tell where he got the money with which he bought the automobile, used language as follows: "I am not talking about defendant's failure to take the witness stand and tell you where he got the money, but his failure to produce witnesses to tell you where he got it. The court tells you, you should not consider his failure to testify and we do not want you to."

Appellant objected to the remarks above quoted on the ground that they constituted a direct allusion and comment on his failure to take the witness stand and testify in his own behalf. The objection was overruled. We think the bill of exception presents a violation of the mandatory provisions of article 710, C. C. P., which prohibits allusion to or comment on accused's failure to testify. In Smith v. State, 106 Texas Crim. Rep., 586, 294 S. W., 221, the district attorney, in argument,

said: "This defendant not testifying, this defendant, I do not mean to refer to this defendant not testifying." In concluding that the statement constituted a direct allusion to the failure of the appellant to testify, Judge Hawkins, speaking for the court, used language as follows: "It also shows that attorney for appellant immediately objected because the language was in violation of the statute and was a direct reference to the failure of appellant to testify, 'he having elected to not testify in this cause.' The bill, in our opinion, does not fail to show that appellant did not testify. The very language objected to makes it apparent, and the further statement in quotation removes any possible doubt. It is unfortunate that the county attorney forgot himself. Realizing at once the mistake he had made he undertook to retrieve it, but if the means employed had been intentional the failure of accused to testify could have been no more forcefully called to the jury's attention. As long as the statute remains as it is, this court must enforce it. We find in the record an affidavit with reference to the matter, but in view of the court's approval of the bill of exception, together with the fact that he instructed the jury not to consider the remark of counsel, we cannot consider the affidavit."

In Wilcock v. State, 64 Texas Crim. Rep., 1, 141 S. W., 88, one of the attorneys for the state, in addressing the jury, remarked: "The defendant's defense in this case is—although he has offered no testimony to that effect, I do not mean to refer to his failure to testify." When these remarks were made the appellant's attorney objected on the ground that it was an illusion to the appellant's failure to testify. The court instructed the attorney that he should not allude to the failure of the accused to testify. In reply, the attorney said: "I have not referred to defendant's failure to testify. On the contrary, I stated to the jury that I did not so mean to refer to that fact." In concluding that error was presented, this court, speaking through Presiding Judge Davidson, used language as follows:

"This is shown by the bill of exceptions. This was clearly an allusion to the fact that the defendant did not testify. The expression, 'I do not mean to refer to his (meaning defendant) failure to testify,' clearly and unequivocally refers to the fact that defendant did not testify."

The judgment is reversed, and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.