RAYMOND P. HORTON v. THE STATE.

No. 15915. Delivered March 22, 1933.
Reported in 58 S. W. (2d) 833.

The opinion states the case.

*Shurtleff & Shead,* of Longview, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for unlawfully possessing a narcotic drug, punishment being two years in the penitentiary.

The indictment charges only that appellant possessed a "narcotic drug," without further designation of its kind or character. In Baker v. State (No. 15,799) and Baker v. State (No. 15,800), this day decided, similar indictments have been held fatally defective.

In section 171, title 21, Mason's U. S. Code, vol. 1, the term "narcotic drug" is defined to mean "opium, cocoa leaves, co-

caine, or any salt, derivative, or preparation of opium, cocoa leaves, or cocaine." The subsequent sections denounce as offenses and affix penalties for possessing and selling and otherwise unlawfully handling such "narcotic drugs." It will be noticed that the statute is very similar to our own in the respects pointed out. Our attention has been called to no prosecution under the federal statutes where the pleader charged only the illegal use or handling of a "narcotic drug"; but in every instance the particular character of the drug was designated, such as opium, or by naming the drug and then averring that it was a derivative of some of the drugs specifically mentioned in the statute. Many indictments such as those designated have been held sufficient. See Sam Wong v. U. S., 2 Fed. Rep. (2d) 969; Toy v. U. S., 266 Fed. Rep., 326; Wong Lung Sing v. U. S., 3 Fed. Rep. (2d) 780; Yip Wah v. U. S., 8 Fed. Rep. (2d) 478; Proffitt v. U. S., 264 Fed. Rep., 299; Foster v. U. S., 11 Fed. Rep. (2d) 100. The forms of indictments found in the cases cited are at least persuasive of what ought to be alleged in prosecutions under our statute.

*The Judgment is reversed and Prosecution ordered dismissed.*