### WALTER RYAN v. THE STATE.

No. 19959. Delivered November 30, 1938.
Rehearing Denied January 25, 1939.

The opinion states the case.

*Wm. McMurrey,* of Cold Springs, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft; the punishment, confinement in the penitentiary for two years.

No statement of facts is brought forward. Appellant is a negro. The two bills of exception found in the record relate to the appellant's effort to have the indictment set aside on the alleged ground that the negro race had been discriminated against in the selection of the grand jury which returned the indictment. The court heard the testimony of three witnesses, two of whom stated that there were more negroes in the county than white people and that for approximately twenty-five years no negro had been selected for service on a grand jury. It was not shown how many negroes paid poll taxes, nor how many were women, nor how many could read and write, nor how many were householders in the county or freeholders in the State. In short, the testimony fails to show how many of the negro poll tax payers were qualified for grand jury service. It is true that a witness for appellant testified on his direct-examination that there were as many qualified voters and people for jury service among the negroes as there were whites. However, on his cross-examination he said: "I do not know how many negroes during the year 1937 paid their poll tax. I know a good many of them did so. I could not say how many negroes paid a poll tax in 1937. All I could say is that I know that some of them paid. I would not say a very, very small percent of negroes paid a poll tax. It is not a fact that there is a very small percentage of the negro race whose names are on the tax rolls of this county. They are on the tax rolls. I do not know what percentage of the negro population is on the tax roll. I judge all of them, pretty well all of them; the same percent as the white people. I think the percentage among the negroes would be the same as among the white people whose names appear on the tax rolls. Of course, I could not know without examining the records." It is manifest from the testimony of this witness that he was merely expressing his opinion that there were negro poll tax payers who were qualified for grand jury service. He expressly stated that he would not know such to be the fact without examining the records. The jury commissioners were not called by appellant in an effort to support his claim that there had been an intentional discrimination against the negroes because of their race or color. Hence it appears that the claim of discrimination was based largely on

142

the fact that for many years in San Jacinto County no negroes had been drawn or served on grand juries. That fact alone would not show an intentional discrimination against them because of their race or color. Ross v. State, 7 S. W. (2d) 1078. The third witness merely gave testimony that the school census showed that there were more negroes than whites in the schools of San Jacinto County. It is our conclusion that the evidence fails to show that the omission to draw any negroes upon the grand jury which indicted appellant was the result of purposeful discrimination against the negroes because of their race or color. Hence appellant's complaint can not be sustained. Ross v. State, supra.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

KRUEGER, JUDGE.—Appellant, in his motion for a rehearing, insists that we erred in our original opinion in holding that the trial court did not err in overruling his motion to quash the indictment on the grounds that the negro race was discriminated against.

We have again carefully reviewed the record in the light of appellant's motion and remain of the opinion that the case was properly disposed of on original submission. See also Mitchell v. State, 105 S. W. (2d) 246.

The motion for a rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.