MRS. G. B. TURNER v. THE STATE.

No. 20716. Delivered January 10, 1940.

The opinion states the case.

*Rogers & Spurlock,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is possession of whisky in a dry area for the purpose of sale; the punishment, a fine of $100.

As shown by bill of exception No. 5, appellant was the only witness who was in a position to deny the testimony of the arresting officers to the effect that the car in which she was riding was being driven at a rate of speed in excess of 45 miles an hour. Appellant did not testify in her own behalf. During the closing argument the county attorney indulged in the following language in the presence and hearing of the jury: "There has been no testimony from any witness denying that the car was being driven in excess of 45 miles per hour." When counsel for appellant objected to the foregoing remarks on the ground that they constituted a comment on appellant's failure to testify the county attorney, in the presence and hearing of the jury, used the following language: "I was only discussing the evidence in the case. I didn't mean to comment on the defendant's failure to testify." Counsel for appellant promptly objected to the argument last quoted on the ground that it constituted an allusion and comment on the failure of the appellant to take the witness stand and testify in her own behalf. We think the bill of exception presents a violation of the mandatory provisions of Art. 710, C. C. P., which prohibits allusion to or comment on the accused's failure to testify.

In Smith v. State, 294 S. W. 221, the following remarks of the district attorney were held by this court to constitute a direct allusion to the failure of the accused to testify: "This defendant not testifying this defendant, I do not mean to refer to this defendant not testifying."

In Wilcek v. State, 141 S. W. 88, these remarks of one of the attorneys for the State were held to constitute a comment on the failure of the accused to testify: "The defendant's defense in this case is—Although he has offered no testimony to that effect, I do not mean to refer to his failure to testify. I have not referred to defendant's failure to testify. On the contrary, I stated to the jury that I did not so mean to refer to that fact." See, also, Brumbelow v. State, 54 S. W. (2d) 528.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.