JOHN PARKER V. THE STATE.

No. 20793. Delivered January 31, 1940.

The opinion states the case.

*J. Chacon,* of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is murder; the punishment assessed is confinement in the state penitentiary for life.

The State's testimony shows that on the night of November 14, 1937, appellant, (a negro) met a girl friend at a beer tavern and restaurant in Hondo, Texas. They ate some sandwiches and later drank some beer. Martin Perez, a Mexican, had incurred appellant's ill-will, either by making advances to appellant's girl or because Perez, (who was station agent for a railroad at Hondo) had refused to allow appellant to get his girl's trunks from the station without paying the freight thereon. He started after Perez with a knife in the tavern and chased him around a nightwatchman. The nightwatchman, in his attempt to stop appellant from assaulting Perez, hit him twice with a flashlight, knocking him down. The owner of the

tavern also attempted to stop appellant, but was unsuccessful. During the affray, Roy Embrey, who was attempting to aid the nightwatchman to arise from the floor, was stabbed in the chest by appellant with a knife. From these wounds, Embrey died. Appellant fled into Mexico, but was extradicted and upon his return made a voluntary statement to the effect that he had stabbed Embrey on the night in question. On his trial he denied the killing and stated that he was excited at the time of making the statement. In support of his defense, he produced witnesses who were present at the scene of the killing who stated that none of them saw him stab the deceased, and that appellant had no knife at the time. The girl testified that Perez insulted her during appellant's absence, by falling against her breast, by following her around, and by some remarks he made. This Perez denied. That appellant, when told of these things, got up and told Perez to leave her alone. Perez ran around the nightwatchman, who hit appellant with the flashlight. In his rage appellant knocked the watchman down, perhaps stomped him, and left. This raised an issue of fact which the jury decided adversely to appellant's contention.

Appellant first complains that the court erred in overruling his motion to quash the indictment, based on race discrimination. It is his contention that the jury commissioners discriminated against the negro race, of which he was a member, and that they intentionally declined to select any negroes as members of the grand jury. We are unable to agree with him. The proof offered in support of the motion showed that there were but very few negroes in the county, and that there were only a few of these who possessed the necessary qualifications. The grand jury commissioners testified that they did not intentionally decline to select any negroes for grand jury service. One of them testified there was only one negro family in his section of the country, and they were not shown to be qualified. While the proof does show that no negroes had been selected for many years past in that county, it fails to show that there were any resident negroes in the county at these times who possessed the necessary qualifications. The most that can be said for the evidence offered in support of the motion was that it raised an issue; this the trial judge decided against appellant's contention. We do not think that from the evidence it can be said that he abused his discretion in the matter. The proof offered in support of his motion even fails to show what percent of the population of the county were negroes who possessed the necessary legal qualifications as grand or petit jurors. See Ryan v. State, 123 S. W. (2d), 659; Lugo v. State,

124 S.·W. (2d) 344; Smith v. State, No. 20,768, recently decided and not yet reported. (Published in this volume).

The motion for continuance and the testimony heard in support thereof fails to show that appellant used that degree of diligence which the law requires to secure the testimony of absent witnesses. No written process whatsoever seems to have been requested by appellant. Under these circumstances, the court did not abuse his discretion in this respect.

Appellant requested the court to charge the jury to consider the *acts* as well as the words spoken by the deceased in determining the right of appellant to act in his self-defense. Such a charge, or one in similar language has often been held necessary upon proper request, based on the language of Art. 1222 P. C. and the repeated decisions of this Court if the evidence raised the issue. It is noted, however, that the Court did charge as follows: "* * That at the time of such stabbing, it reasonably appeared to the defendant, as viewed from his standpoint * * that the deceased * * either alone or acting together with other * * persons, had made, was making, or was about to make an attack on him, the said John Parker, which, from the manner and character of same, THE WORDS SPOKEN, if any, and the relative positions of the parties * * at the time, caused the defendant to then have a reasonable expectation of fear of death or serious bodily injury at the hands of the deceased * * or others, * * and that acting under such reasonable expectation, * * he stabbed and killed Rob Embrey, or if you have a reasonable doubt of such facts, then you will acquit the defendant. * *"

It is apparent from the foregoing instruction that the court instructed the jury that if it reasonably appeared to the defendant, as viewed from his standpoint, that the deceased either alone or acting together with other persons, had made, was making, or was about to make an attack on him, which from the manner and character of the same, the words spoken, if any, and the relative positions of the parties, etc. This instruction, we think was sufficient under the facts of this case. While testimony raising the issue is injected into the case by the defendant, who stated that Embrey called him some vile names and along with another person present at the time threatened to get rid of him, we are still unable to agree with his contention.

In some cases under some circumstances this court has held that the omission by the court to charge both words and acts was not error such as would require a reversal. See Stroud

v. State, 120 Tex. Crim. Rep., 466; Rhodes v. State, 110 Tex. Crim. Rep., 353; 7 S. W. (2d), 569. While the charge in question is not as explicit as it might have been, we think it sufficiently informed the jury to consider words as well as acts and did not limit their consideration to acts alone. Under the above cases and Art. 666, C. C. P. upon which they are partly based, we would not be justified in reversing on that ground alone.

All other matters complained of by appellant have been considered by us and are deemed to be without merit.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.