## LUTHER BEASLEY V. THE STATE.

No. 22087. Delivered April 29, 1942.
On Motion to Reinstate Appeal May 27, 1942.
Motion for Rehearing Overruled (Without Written Opinion) June 24, 1942.

The opinion states the case.

*Alex P. Pope,* of Tyler, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of a violation of the local option liquor laws of Cherokee County, and his punishment assessed at a fine of $500.00.

There does not appear in the record of the minutes of the trial court any notice of appeal to this court. It is shown by a supplemental transcript that there was a notice of appeal entered on the judge's trial docket, but same does not appear to have been passed into the minutes of the court.

Art. 827, C. C. P. reads in part as follows:

"An appeal is taken by giving notice thereof in open court at the term of court at which conviction is had, and having the same entered of record. * * *."

We early held in the case of Long v. State, 3 Tex. Ct. App. 321, that the entry on the judge's docket will not supply the place of, or supersede the necessity for, an entry upon the record. Forrest v. Rawlings, 40 Texas, 502; Bryson v. State, 20 S. W. (2d) 1047.

Again in Thackerson v. State, 26 S. W. (2d) 241, it was held that a copy of docket entry in the record on appeal was an insufficient notice of appeal, and many other cases in Pocket Edition, Vol. 3, Vernon's Code Criminal Procedure, under Art. 827.

The appeal is therefore dismissed.

ON MOTION TO REINSTATE APPEAL.

KRUEGER, Judge.

At a former day of this term we dismissed the appeal in this case by reason of a defective record. Appellant has perfected

the record by the filing of a supplemental transcript which is accompanied by a motion to reinstate the appeal. The motion is granted, the appeal reinstated, and the case will now be disposed of on its merits.

Appellant presents two questions for consideration by this court. The first relates to the court's action in overruling his motion to quash the jury panel; the second relates to the remark made by the County Attorney in his closing argument to the jury. We will discuss these questions in the order in which they are presented.

The record shows that the offense was committed in Cherokee County, Texas, which was a dry area by reason of a local option election having been held in said county in the year 1901. The record further shows that on the 9th day of August, 1941, R. C. Marshall, an Inspector for the Texas Liquor Control Board, went to the home of the appellant and purchased from him one-half pint of whisky, the bottle being labeled "Hill & Hill Whiskey," for which he paid appellant the sum of one dollar.

Appellant did not testify or offer any affirmative defense.

Appellant,in due time, filed a motion to quash the jury panel on the ground of racial discrimination. He alleged that he belonged to the negro race and was of African descent; that the jury commissioners had intentionally discriminated against his race by selecting for jury service only persons of the Caucasian race and declined to select any member of the African race for such service. In support of the allegations in his motion he placed on the witness stand the County Clerk of Cherokee County and proved by him that he had served in such capacity for several years but that he could not recall that any member of the African race had ever served on the jury during his term of office. This was the sum and substance of the testimony adduced in support of the allegations in the motion. Appellant having charged racial discrimination, the burden rested upon him to sustain the allegations in his motion. In this he has wholly failed because of the absence of proof that he was a negro or of African descent. He also failed to prove that there were any negroes in the county who possessed the legal qualifications for jury service. Consequently the court was eminently correct in overruling the motion. See King v. State, 152 S. W.

(2d) 342; Hill v. State, 157 S. W. (2d) 369; Mitchell v. State, 105 S. W. (2d) 246; Ryan v. State, 123 S. W. (2d) 659; Parker v. State, 137 S. W. (2d) 23; Lewis v. State, 42 Tex. Cr. R. 278.

By Bill of Exception No. 2 appellant complains of the following remark by the County Attorney in his argument to the jury:

"The State has proved by the uncontroverted facts that the sale of this whiskey was consummated by the defendant to R. C. Marshall in this case."

Appellant "excepted" to this remark and requested the court to instruct the jury to disregard it. No ground of objection is stated or incorporated in the bill. His contention now is that it was a comment on the appellant's failure to testify, but no such objection was interposed to the argument at the time it was made, which is tantamount to no objection at all. However, the bill is deficient in another respect; in this, that there is nothing therein to show that no person other than the defendant was in a position to have controverted the State's evidence. In support of what we have said here, we refer to the following authorities: Roundtop v. State, 131 Tex. Cr. R. 615; Mitchell v. State, 109 Tex. Cr. R. 643; 6 S. W. (2d) 753; Gonzales v. State, 18 S. W. (2d) 618.

Finding no error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.