E. D. COWSERT V. STATE.

No. 24655. February 15, 1950.
Appellant's Motion for Rehearing Granted April 5, 1950.

*William C. McDonald,* San Angelo, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appeal is from a conviction for transporting liquor upon a public highway in Precinct No. 1, Tom Green County, a dry area. The fine assessed was $500.00 and six months in the county jail.

By the evidence it is shown that agents of the liquor control board saw a truck driven into the warehouse of Earl Horn Distributing Company in San Angelo late in the evening. A few minutes later it was parked in the lot on the premises. The agent inspected the truck and saw it was loaded with a large quantity of liquor and beer. Two agents then watched the place and saw the truck drive off. They followed it some distance out of town along a highway in Precinct No. 1. They finally overtook the truck, stopped it, arrested appellant and drove the car back to San Angelo. Further examination showed that it contained 4800 cans of beer, 88 Four-Fifth Quarts of whisky, and 144 Half-Pints of whisky.

These facts are not controverted by any testimony in the case. A large number of bills of exception are found in the record, but there are only two questions which we consider necessary to discuss.

Appellant presented no evidence and at the conclusion of the state's case he filed a motion for an instructed verdict on the ground that the state had failed to prove the dry status of Precinct No. 1. A deputy county clerk was called and introduced and read to the jury an order, dated January 2, 1936, calling for an election in Justice Precinct No. 1, on a petition of 216 qualified voters, to determine whether or not the sale of liquors shall be legalized. He then testified, without objection, to the record showing the returns of the election in which 824 votes were cast for legalizing the sale of liquor and 906 were cast against it. The order was offered in evidence but not read to the jury. He next read in evidence a certificate of the county judge giving the results of the election and further stating that an order was entered declaring the results prohibiting the sale of any and all liquors. He certified as a fact that he published same by posting notices at three stated places in Precinct No. 1. We think this sufficiently complies with the legal requirements and the motion was properly overruled.

Appellant presented to the court his Bill of Exceptions No. 10 complaining of the argument of the prosecuting attorney. This bill was refused by the court and, in lieu thereof, the court prepared his bill and we find no basis for error shown by it.        ,

Appellant's Bills of Exception Nos. 11 and 12 complain of arguments of the county attorney in which he said: "The testimony is clear and has not been controverted in any way." The

objection was that this was a direct allusion to the defendant's failure to testify. The bill fails to show what evidence the county attorney was talking about. We are unable to tell whether it was a matter that defendant alone could controvert, or some matter that might be known to many people. Beasley v. State, 144 Tex. Cr. R. 369, 162 S. W. 2d 964.

Again, Bill of Exception No. 12 complains of the following statement of the county attorney: "There is not one iota of testimony to controvert the State's testimony." The bill then says that the defendant objected to this as an allusion and comment on the failure of the defendant to testify in the case. Such objection was "stated loudly and in the presence and hearing of the court and jury." In reply to this the county attorney said, "I certainly did not mean to comment upon the failure of the defendant to testify." Counsel for defendant objected to this statement also, on the same ground as the first one. Following each of the objections herein directed to argument of counsel, the court instructed the jury not to consider the same, but refused to declare a mistrial.

The first argument of the county attorney complained of in Bill of Exception No. 12 may be disposed of in the same way as set out in Bill No. 11, with this additional comment. A man named Stark was with appellant at the time of his arrest, and there were others present during the further activities testified to by the officer who might have testified in the case. The objection which appellant's counsel stated in a loud voice in the presence and hearing of the court and jury must be construed as an invitation for some kind of reply from the prosecuting attorney. It clearly invited the statement and nullifies any ground of complaint at this time.

Reliance is had on Turner v. State, 138 Tex. Cr. R. 228, 135 S. W. 2d 488, which is admittedly a similar situation. However, there is nothing in the Turner case to indicate that the jury heard the objection made and it is definitely stated in the opinion that appellant was the only witness who was in a position to deny the testimony of the arresting officer. Such is not the situation in the matter now before us and this sufficiently distinguishes the instant case from the Turner case.

We find no reversible error and the judgment of the trial court is accordingly affirmed.

ON APPELLANT'S MOTION FOR REHEARING.

▬▬▬▬▬▬▬

BEAUCHAMP, Judge.

It was noted in the original opinion that the minutes of the commissioners' court dated January 2, 1936, called for an election in Justice Precinct No. 1 "to determine whether or not the sale of liquor shall be *legalized*" in said precinct. The effect of this language and of the minutes read in evidence did not impress us on original hearing. Neither the oral argument nor the written brief called our attention to the language and we failed to note the distinction between an election to prohibit the sale of liquor and one to *legalize the sale* of liquor.

In considering the motion for rehearing we discover that the proof in this case which the state was required to make, that Precinct No. 1 of Tom Green County was a dry area, was made by introducing the record of an election which failed to legalize the sale of liquors in this area. We would naturally think that there had been, at some time past, an election which resulted in prohibiting the sale of intoxicating liquor in this precinct, but we cannot assume from a mere circumstance that such was true. The record contains no evidence whatsoever of that election upon which the state must rely. Attention is called to the complaint which alleges the date of the election in January, 1936. In all probability there is error in the complaint and it would not authorize admission of the evidence of an election at some other date.

Appellant's motion for rehearing is granted and the judgment of the trial court is now reversed and the cause is remanded.