DALE HALL v. STATE

No. 27,092.   October 20, 1954
Rehearing Denied December 1, 1954

554

*Maurice E. Wright,* Ft. Worth, and *A. W. Salyars,* Lubbock, for the appellant.

*Travis D. Shelton,* District Attorney, Lubbock, and *Wesley Dice,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for the non-capital offense of robbery by assault, the punishment assessed being twelve years in the penitentiary.

The indictment alleged that the appellant, by assault and while exhibiting a knife, robbed Pedro De LaRosa of jewelry and ninety-three dollars in money.

The sufficiency of the evidence to support the conviction presents the sole question for review.

The record reflects a stealing of, from, and by thieves from one another.

Two juveniles burglarized a jewelry store in Plainview and stole therefrom something like twenty-nine hundred dollars' worth of jewelry. De LaRosa was contacted and agreed to sell some of the jewelry for the boys and divide the proceeds. In

pursuance of that agreement, De LaRosa carried a quantity of the stolen property (watches and rings) to Lubbock to sell.

It was the theory of the state, finding support in the evidence, that a prostitute tipped off the appellant and his companion that De LaRosa had the jewelry and money in his room at a hotel. According to De LaRosa's testimony, the appellant and a companion forcibly entered his hotel room and, at the point of a drawn knife, robbed him of and took from his possession ninety-three dollars in money.

It would serve no useful purpose to detail the succeeding facts, as the state made a case of robbery by this testimony.

It is the rule that in a robbery case proof that any of the property alleged to have been taken was taken is sufficient to sustain the conviction. Branch's P. C., Sec. 2402.

Appellant's contention that the state was also under the burden of proving the taking of jewelry in the robbery is therefore overruled.

Such conclusion also answers appellant's contention that the term, "jewelry," was so indefinite as not to give the appellant notice of the property he was alleged to have taken, because the conviction did not rest upon that allegation.

The ninety-three dollars that was taken in the robbery was in the care, control, and possession of De LaRosa and he was therefore the owner thereof within the meaning of that term as used in theft cases. The fact that such sum of money or a large portion thereof had been received by De LaRosa from a sale of some of the stolen property would not alter or change the ownership thereof.

The facts abundantly establish the appellant's guilt.

The judgment is affirmed.

Opinion approved by the court.

ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Judge.

Appellan'ts motion for rehearing is predicated upon the contention that fundamental error appears in Paragraph 8 of the court's charge, wherein it reads:

"Under the foregoing definitions and instructions you are charged that if you believe from the evidence beyond a reasonable doubt that the defendant, Dale Hall, either alone or acting with Waylon Gene Ballard, or either of them as a principal, as the term 'principals' is herein above defiined," etc.

A number of objections were leveled at the court's charge which were overruled and exception was reserved. None of the objections were addressed to Paragraph 8, and none suggested that the instruction therein contained permitted or authorized the jury to convict appellant if they did no more than find his co-principal Ballard guilty, nor was it suggested that Paragraph 8 or the instruction therein was upon the weight of the evidence.

The attack upon Paragraph 8 of the court's charge made for the first time upon motion for rehearing in this court cannot be sustained.

We have attempted to make it clear that it is the duty of the defendant to inform the court of his objection to its form before the charge is read to the jury, and having failed to do so his right to object is waived. See Crossett v. State, 74 Texas Cr. Rep. 440, 168 S.W. 548; Grider v. State, 82 Texas Cr. Rep. 124, 198 S.W. 579; Gephart v. State, 157 Texas Cr. Rep. 414, 249 S.W. 2d 612; May v. State, No. 27,108, decided October 27, 1954, (page 582, this volume).

Appellant's motion for rehearing is overruled.