### Charles Benjamin MIZE, Appellant,

### v.

### The STATE of Texas, Appellee.

### No. 39161.

Court of Criminal Appeals of Texas.

Feb. 9, 1966.

Rehearing Denied March 30, 1966.

Orville A. Harlan (On Appeal Only), Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James C. Brough and Jimmy R. James, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is robbery by assault; the punishment, enhanced by two prior convictions for felonies less than capital, life.

It is not deemed necessary that the evidence be set out in detail. Suffice it to say that appellant was positively identified by two witnesses as one of the persons who walked into the East-Tex Pharmacy in Harris County and, at gunpoint, robbed the owner and pharmacist, taking a 50 milligram bottle of demerol with 100 tablets in it and a bottle of liquid hycodan which Evans, upon the order of appellant, took out of the safe, and more than $100 in money which they took out of the cash register. which Evans opened upon their order.

The contents of both bottles were shown to be narcotics.

Out of the presence of the jury, and in connection with appellant's request that the enhancement allegations be withheld from the jury, appellant stipulated that such allegations were true and correct and that he was the same person previously convicted.

The sole ground upon which reversible error is claimed is the overruling of the motion to quash the indictment, the contention being that it was "vague, indefinite and uncertain in alleging the character and description of the property alleged to have been taken from Clarence Evans, referring in a portion of the indictment, to a 'bottle of narcotics'."

Art. 403 Vernon's Ann.C.C.P. provides, in part:

"When it becomes necessary to describe property of any kind in an indictment, a general description of the same by name, kind, quality, number and ownership, if known, shall be sufficient."

Appellant relies upon Hart v. State, Tex. Cr.App., 396 S.W.2d 873, and Baker v. State, 123 Tex.Cr.R. 209, 58 S.W.2d 534, 535, and cites other cases where a description of property by its generic name only has been held to be insufficient.

See Horton v. State, 123 Tex.Cr.R. 237, 58 S.W.2d 833.

Assuming that the description of the property alleged to have been taken other than the money was insufficient, it does not follow that the indictment should have been quashed.

"One hundred dollars in money" has been held to be a sufficient description of property alleged to have been stolen. See 5 Branch's Ann.P.C.2d 17, Sec. 2576, and cases cited. See also Edwards v. State, 162 Tex.Cr.R. 390, 286 S.W.2d 157.

■ In a robbery case it is not necessary to prove that all of the property alleged to have been taken was taken. Proof that the money was taken was sufficient. 5 Branch's Ann.P.C.2d 23, Sec. 2589, and cases cited.

■ The allegation and proof that one hundred dollars in money was taken in the robbery being sufficient to sustain the conviction for robbery, the insufficiency of the description of other property also alleged to have been taken did not vitiate the indictment.

The trial court did not err in overruling the motion to quash the indictment.

The judgment is affirmed.

## ON APPELLANT'S MOTION FOR REHEARING

DICE, Commissioner.

Appellant insists that our holding that the court's action in overruling the motion to quash the indictment was not reversible error is in conflict with the opinion by this court in Brumbelow v. State, 122 Tex. Cr.R. 198, 54 S.W.2d 528.

In Brumbelow v. State, supra, the indictment for robbery charged that the accused took from the possession of the injured party $1,058 in money "and $484 in checks of the value of $484." A motion to quash that part of the indictment charging the taking of the checks on the ground that the checks were not sufficiently described was filed by the defendant. The motion was overruled, and the court submitted to the jury not only the taking of the money described in the indictment but also the checks. Under the charge, the jury was required to find, before convicting the defendant, that he took the property described in the indictment, consisting of the money and the checks. In reversing the conviction it was held that the motion to quash

was well taken, that the court should have treated the allegations as to the checks as surplusage, and that the question of the defendant's guilt—insofar as being dependent upon the taking of the checks—should not have been submitted to the jury.

We remain convinced that the court's action in overruling the motion to quash the indictment in the present case does not call for a reversal of the conviction. This is so because that portion of the indictment which alleged that appellant took "one bottle of narcotics" from the injured party may be treated as surplusage and the allegation and proof that one hundred dollars in money was taken in the robbery is sufficient to sustain the conviction.

Insofar as our opinion affirming the conviction is in conflict with Brumbelow v. State, supra, the latter is overruled.

Being convinced that a proper disposition was made of the case on original submission, the motion for rehearing is overruled.

Opinion approved by the Court.

MORRISON, Judge (dissenting).

On original submission the case of Brumbelow v. State, 122 Tex.Cr.R. 198, 54 S.W. 2d 528, was not cited by appellant nor discussed in our opinion. The trial court in the present case as in Brumbelow submitted to the jury not only the taking of the money described in the indictment, but also the "bottle of narcotics" as a condition precedent to their finding of guilt.

Now that it has been called to our attention, and since it should be determinative of this appeal, it should be followed unless a valid reason for not doing so is advanced. No such reason has been presented, and I am aware of none.

I respectfully dissent to the overruling of appellant's motion for rehearing.