# ADRIAN LOVE AND DARRYL MATTHEWS *v.* STATE OF MARYLAND

[No. 352, September Term, 1968.]

640

*Decided April 30, 1969.*

*Edward J. Angeletti* for appellant Love; and *Kenneth A. Pressman,* on the brief, for appellant Matthews.

Bernard L. Silbert, Assistant Attorney General, with whom were Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City, and Michael E. Kaminkow, Assistant State's Attorney for Baltimore City, on the brief, for appellee.

PER CURIAM.

The appellants, Darryl Matthews and Adrian Love, were convicted of robbery in the Criminal Court of Baltimore by Judge Joseph L. Carter, sitting without a jury. Each was sentenced to five years under the jurisdiction of the Department of Correction.

Upon this appeal both appellants contend that there was a fatal variance between the allegata and the probata, and that there was insufficient evidence to convict. Appellant Matthews also contends that the trial court erred in conducting a joint trial of appellants, while appellant Love also contends that his sentence constituted cruel and unusual punishment.

At trial, the victim, Riley Dexter Hash, testified to the following facts:

He, Hash, had been drinking but was not intoxicated on the evening of May 1, 1968. At 11:30 p.m. on that evening, while on his way to a bus stop, he approached the corner of Pratt Street and Market Place, in Baltimore. At this time he had two to three dollars in change in his right front pants pocket, a pair of fingernail clippers and perhaps some change in his left front pocket, and a billfold containing paper currency in one of his rear pants pockets. Mr. Hash observed three young men standing on the street corner. He did not observe any girls in the immediate vicinity. One of the trio, identified by Mr. Hash at trial as appellant Matthews, approached him and asked him for a cigarette. Mr. Hash handed Matthews a pack of cigarettes. Matthews took the cigarettes and said, "I will keep this. Now give us the rest of your money." The three young men then seized him; appellant Matthews put his hand in Mr. Hash's right front pocket and removed some or all of the change; and another of the trio, identified by Mr. Hash at trial as appellant Love, put his hand in Mr. Hash's left front pocket. While it

is not crystal clear from the record whether appellant Love removed any change from the left front pocket, it could be inferred from Mr. Hash's statement, "they took it [the change]," that appellant Love removed some change also. As Mr. Hash "got away and started down the street," someone removed his billfold from his rear pocket. He looked around and observed two girls who had taken the billfold. The three boys and the two girls scattered in several directions.[1]

The appellants each testified, admitting to being in each other's company on the night in question in the immediate vicinity of the robbery but denying any involvement in the robbery. Appellant Matthews also stated that he had asked Mr. Hash for a cigarette and that he took only one cigarette.

The indictment under which the appellants were convicted charged that they and a third co-defendant, whose appeal is not before us, "feloniously did rob Riley Dexter Hash, and violently did steal from him thirty-five dollars current money; one men's wallet, containing personal papers, of the value of two dollars current money; contrary to the form of the Act of Assembly in such cases made and provided," etc. Appellants protest that there was a fatal variance between the allegata and the probata in that it was alleged that they stole thirty-five dollars and a wallet while the proof was that the most they could have stolen was two or three dollars in change. We hold that this was not a material variance.

The general rule dealing with variance is that matters essential to the charge must be proved as alleged in the indictment. 41 Am. Jur. 2d *Indictments and Informations* §§ 260, 261; 42 CJS *Indictments and Informations* § 254; Hochheimer, Crimes and Criminal Procedure § 159 (2d ed. 1904). In Maryland, as elsewhere, the *amount* of money taken from a victim in a robbery is not an essential element of the offense so long as something of value is taken. *Fisher v. Warden,* 224 Md. 669, 670 (1961). In a robbery prosecution it is thus sufficient to prove the taking of a greater or smaller sum of money than that alleged. See, e.g., *Commonwealth v. Sliva,* 165 A. 2d 689, 691 (Pa. Super. 1960); *Wilson v. State,* 105 So. 2d 66, 70 (Ala.

---

1. The girls were never apprehended.

1958) ; *Eiland v. State,* 365 S.W.2d 12, 13 (Tex. Cr. App. 1963) ; *State v. Townsend,* 392 P. 2d 459, 460 (Ore. 1964) ; *State v. Peters,* 352 P. 2d 329, 331 (Haw. 1959) ; 41 Am. Jur. 2d *Indictments and Informations* § 274; Wharton, Criminal Law and Procedure § 2067 (Anderson ed. 1957). There is therefore no material variance between the allegation that appellants robbed Mr. Hash of $35 and the proof that they robbed him of $2-3.

The indictment alleges, however, that appellants robbed Mr. Hash of $35 *and* a wallet. The conjunction of the money and the wallet in the indictment does not change the result in this case. Where an indictment for robbery alleges the taking of several articles, it is sufficient to prove the taking of any one of them. 77 CJS *Robbery* § 44 (b) (1) ; *Mize v. State,* 400 S.W.2d 761, 763 (Tex. Cr. App. 1966) ; *Sterling v. People,* 376 P. 2d 676, 677-78 (Colo. 1962) ; *People v. Brown,* 222 N.E.2d 227, 230-31 (Ill. App. 1966).

The appellants also contend generally that the evidence was insufficient to sustain the conviction. The *Corpus delicti* was established by Mr. Hash's testimony, and at trial he identified the appellants as the robbers. We have previously held that a victim's positive identification alone of the defendants, if believed, is sufficient to support a conviction. *Gunther v. State,* 4 Md. App. 181, 185 (1968). That Mr. Hash had been drinking prior to the robbery and that he may have been intoxicated at the time of the commission of the crime go only to the weight of his testimony. *Bryant v. State,* 4 Md. App. 572, 578 (1968). In a non-jury trial the weight of the evidence and the credibility of the witnesses rests within the determination of the trial court. *Brown v. State,* 4 Md. App. 261, 268 (1968). The trial court in performing its duty of judging the credibility of the witnesses may disbelieve the exculpatory statements made by the defendants. *Brown v. State, supra* at 269. From the record before us, we are unable to say that the trial court was clearly erroneous in believing Mr. Hash's testimony, disbelieving that of the appellants, and finding them guilty of robbery. Maryland Rule 1086.

The two appellants and the third co-defendant were tried jointly. Although no request for a severance was made before

trial or at trial by appellant Love (nor by any of his co-defendants), he now contends that the trial court should have severed *sua sponte* his trial from that of the other defendants. In support of his contention he relies on *Bruton v. United States*, 391 U. S. 123 (1968). Appellant Love having made no motion to sever, under Maryland Rule 1085 there is nothing before us to review. See *Robinson v. State*, 5 Md. App. 723, 726 (1969). Even if the question were properly raised, appellant Love's reliance on *Bruton* is ill-placed, since, for one thing, in the instant case there was no extrajudicial statement by any of his co-defendants introduced at trial.

Appellant Matthews additionally contends that his sentence of five years constitutes cruel and unusual punishment. It is well settled that imposition of sentence in a criminal case is a matter within the province of the trial judge; and it will ordinarily not be reviewed on appeal when it is within the limits prescribed by law. *Turner v. State*, 5 Md. App. 332, 333 (1968). The sentence of five years is within the statutory limits, see Md. Code, Art. 27, § 486, and will not be reviewed.

*Judgments affirmed.*