## WHITELEY *v.* WARDEN, MARYLAND PENITENTIARY

[No. 426, September Term, 1969.]

*Decided July 8, 1970.*

The cause was argued before HAMMOND, C. J., and BARNES, MCWILLIAMS, FINAN, SINGLEY, SMITH and DIGGES, JJ.

*Harold Buchman* for appellant.

*James F. Truitt, Jr., Assistant Attorney General*, with whom were *Francis B. Burch, Attorney General, John L. Sanford, Jr., State's Attorney for Worcester County*, and *Theodore R. Eschenburg, Assistant State's Attorney for Worcester County*, on the brief, for appellee.

SINGLEY, J., delivered the opinion of the Court.

Whiteley, convicted of conspiracy to sell marijuana by a Worcester County jury, was committed by the Circuit Court on 31 October 1969 to the custody of the Commissioner of Correction for a term of five years. On 25 November 1969, he entered an appeal to the Court of Special Appeals, and on 29 December 1969, filed a petition for a writ of habeas corpus on the ground that he was entitled to be admitted to bail pending the disposition of his appeal. From an order denying bail, Whiteley has appealed to this Court.

Maryland Rule 777 b provides:

> "After conviction, pending sentence or appeal, of an offense the maximum punishment for which is other than capital or confinement in the penitentiary, an accused shall be entitled to be admitted to bail. In all other cases the accused may be admitted to bail in the discretion of the court."

Whiteley was convicted of an offense punishable by imprisonment for five years and could have been confined in the penitentiary, Maryland Code (1957, 1967 Repl. Vol. and 1969 Cum. Supp.) Art. 27, §§ 276, 277, 300, 689, 690. As a consequence, whether or not he was to be admitted to bail lay in the discretion of the trial court.

In a well considered opinion delivered at the conclusion of the habeas corpus hearing, the judge rested his refusal to admit Whiteley to bail on two grounds. First, the judge was concerned with the possibility that Whiteley might abscond:

> "One who has not tasted incarceration and one who has persisted in criminal conduct in contempt of the law is much more likely to appear for trial than one [who] knows the inconvenience and discomfort of incarceration and who faces a term of five years of such a status."

Turning then to the fact that there must be some as-

surance that a convicted defendant will not engage in further criminal conduct if admitted to bail, the judge pointed out that Whiteley had been charged with a narcotics violation in January of 1969 and had been given probation. In less than six months, and while still on probation, Whiteley engaged in the activity which led to his conviction. The judge concluded:

> "This indicates an incorrigible attitude on the part of this Defendant, and if not incorrigible, so deep seated that the Court can't place any confidence in the fact that he won't repeat his criminal conduct after only less than three months' incarceration."

We cannot say, under these circumstances, that it was an abuse of discretion to deny bail after a conviction. Compare *Chesley v. State,* 3 Md. App. 588, 593-94, 240 A. 2d 342 (1968) ; see also *Fischer v. Ball,* 212 Md. 517, 129 A. 2d 822 (1957).

> *Order affirmed, costs to be paid by appellant.*