# CARL LEE MULLINS *v.* STATE OF MARYLAND

[No. 575, September Term, 1970.]

*Decided June 8, 1971.*

The cause was submitted on briefs to ORTH, MOYLAN and POWERS, JJ.

Submitted by *George N. Manis* for appellant.

Submitted by *Francis B. Burch, Attorney General, Gary Melick, Assistant Attorney General, Julian B.*

*Stevens, Jr., State's Attorney for Anne Arundel County,* and *James D. McCarthy, Jr., Assistant State's Attorney for Anne Arundel County,* for appellee.

POWERS, J., delivered the opinion of the Court.

After a waiver by the Juvenile Court in Anne Arundel County, appellant was indicted for robbery and several related counts. He pleaded guilty to the count charging grand larceny. The plea was accepted by Judge Evans in the Circuit Court for Anne Arundel County and appellant was sentenced to 12 years and committed to the custody of the Commissioner of Correction.

Appellant does not question the voluntariness of his plea, but says that the sentence imposed was cruel, unusual, unfair, or oppressive, and that it was not in accordance with the statute. The statute fixing the punishment for grand larceny, which is a common law crime, provides, Art. 27, § 340, that a person convicted shall be imprisoned in the penitentiary for not more than fifteen years, or in the house of correction or jail for not more than ten years.

Art. 27, § 690 (b) provides that on and after June 1, 1967, for any offense for which the law requires imprisonment in any institution enumerated in § 689, the person shall be sentenced to the custody of the Commissioner of Correction, under the jurisdiction of the Department of Correction, and that department may, from time to time, determine the institution for confinement.

Appellant claims that since the sentence was not "to the penitentiary", the 12 years exceeded the statutory maximum.

The Code section in question was enacted as a part of Chapter 695, Laws of Maryland, 1967. The title of the act states as its purpose, in part:

"*** to provide that sentences of prisoners formerly made *** to particular institutions under the control of the Department of Correc-

tion shall be made *** to the jurisdiction of the Department of Correction, to authorize the Department to establish receiving and classification centers for prisoners, [and] to authorize the Department to hold, assign and transfer prisoners among the State prison institutions as it deems necessary ***."

This legislation, enacted to improve the functioning of the Department of Correction, and all of the institutions under its jurisdiction, neither expressed nor implied any intent by the legislature to change the maximum punishment prescribed by law for any offense.

We hold that the legislature did not intend to, and did not, by enacting § 690, change the effect in Maryland law of potential penitentiary confinement in cases where such potential confinement has significance. See Code, Art. 57, § 11, and *State v. Michael,* 2 Md. App. 750, 237 A. 2d 782, dealing with statutes of limitation; Maryland Rule 746 a. dealing with peremptory challenges; and Maryland Rule 777 b. and *Whiteley v. Warden,* 258 Md. 634, 267 A. 2d 150, dealing with bail after conviction, pending sentence or appeal.

Appellant pleaded guilty to an offense which permits punishment by confinement in the penitentiary for not more than fifteen years. Under the sentence imposed upon him, notwithstanding the change in sentencing procedure under § 690, he may be confined in the penitentiary, *Whiteley v. Warden, supra.* The fact that he may alternatively be confined elsewhere in the correctional system of the State does not affect the legality of the sentence, which was within the maximum prescribed and was therefore valid.

The sentence of twelve years, being within the limits prescribed by law, was not cruel and unusual punishment in violation of constitutional protections. *Minor v. State,* 6 Md. App. 82, 90-91, 250 A. 2d 113; *Love and Matthews v. State,* 6 Md. App. 639, 644, 252 A. 2d 493.

The claim is made here because of appellant's youth and "the facts". These factors were for the consideration of the trial judge. There is no contention that the sentence was dictated by passion, prejudice, ill will or any other unworthy motive. *Minor v. State, supra.*

*Judgment affirmed.*