Edward James GIPSON, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 47246, 47247.

Court of Criminal Appeals of Texas.

Jan. 16, 1974.

Rehearing Denied Feb. 6, 1974.

---

James P. Finstrom, Dallas, for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

Appellant was tried in one trial before a jury on his pleas of not guilty on three separate indictments charging, respectively, rape, robbery with firearms, and murder with malice of Zelphia Daniel Childs. He was found guilty of robbery by assault, and of murder with malice, but the jury failed to agree with respect to the charge of rape, and was dismissed as to that case. The court set the punishment at 100 years in each of the other cases. These appeals are from such convictions.

Appellant does not challenge the sufficiency of the evidence to support the verdicts of the jury. The record, considered in the light most favorable to the verdicts of guilty, reflects that about 7:00 o'clock A.M. on June 12, 1972, appellant, using a .22 caliber pistol, robbed Zelphia Daniel Childs of some money and a car, took her in her car to a vacant house, attacked her, shot her in the head with the pistol, left her in the house, and drove off in her car. An autopsy showed that she died as a result of the bullet wound in her head.

Appellant first complains of the failure of the court to instruct the jury that Ronald Neal was an accomplice witness as a matter of law. In his second ground, appellant complains of the court's charge on accomplice witnesses.

Neal, as a witness for the State, testified that about 7:30 A.M. on June 12, 1972, he left Dallas with appellant in a car later identified as the one stolen from deceased, and headed for Houston. On this trip, appellant told him of the robbery and shooting, and handed him a wallet taken from deceased. Neal threw the wallet away after taking the money from it. In Houston they picked up one Johnson, and headed for California. The next day, the three were arrested together near Van Horn by the sheriff of Culberson County.

The court charged the jury on the law of accomplice testimony as a fact question. No objection was made to the charge, and no instruction requested that the court charge that Neal was an accomplice as a matter of law. In the absence of an objection or requested submission, nothing is presented for review. Taylor v. State, Tex.Cr.App., 491 S.W.2d 922; Whitson v. State, Tex.Cr.App., 495 S.W.2d 944.

Appellant's first two grounds of error are overruled.

In his fourth ground, appellant alleges "fatal error" in the final argument of the State to the jury, to the effect that "There were certain things, could have gone up to Bay City, Michigan, and brought back this Jerry Holt Appel, the white hippy hitchhiker, but I don't spend any of the county's money if I can help it. I thought I could try this case around this and save bringing him down here."

The record reflects that between Houston and Van Horn Appel, described by the witness Neal as "a white hippy hitchhiker" joined appellant and Neal. While in the car, he learned that the car was stolen, and that Dallas officers had issued a general broadcast concerning it. He insisted on separating from the others, and got a ride in another car to Van Horn where he gave the sheriff information leading to the arrest of appellant. He was not used as a witness.

The objection to the complained of argument was sustained by the court. No fur-

ther request was made by appellant. Nothing is presented for review. Newman v. State, Tex.Cr.App., 501 S.W.2d 94 (1973); Bourg v. State, Tex.Cr.App., 484 S.W.2d 724.

The fourth ground is overruled.

In his fifth ground, appellant complains of the State's jury argument wherein the prosecutor stated: "Now the defense has asked for this time-worn accident defense that we see all of the time in these murder cases. Its appeared here in the charge." The objection was "to what we see here all of the time in murder cases, time-worn defense. That's outside the record, has nothing to do with the case." This objection was overruled. The State proceeded to argue that the evidence showed that the shooting was not accidental.

■ The statement that "the defense has asked for" the charge on accident should not have been made. However, there was no objection to this portion of the argument. The portion of the argument that was objected to was not, under the circumstances of this case, of such a harmful or prejudicial nature as to constitute reversible error. Hoover v. State, Tex.Cr.App., 449 S.W.2d 60.

■■ Appellant's sixth ground of error pertains to evidence of a medical report from the Dallas Criminal Investigative Laboratory concerning seminal stains on shorts worn by appellant on the day of the crime. Appellant's objection to this evidence was at first overruled, but, subsequently, was sustained and the jury was instructed not to consider the evidence.

The record reflects that this evidence pertained only to the rape charge for which appellant was also on trial. Since appellant was not convicted of rape, no harm is shown by virtue of the original ruling of the court. Error, if any, in such ruling was cured under the circumstances when the court sustained the objection and instructed the jury not to consider the evidence. The ground of error is overruled.

■ Appellant's third ground of error is made only as to the appeal in Cause No. 47,246 from the conviction for robbery. It alleges error in the court's charge because of a variance between the indictment, which alleged the taking of "one (1) automobile and current money of the United States of America," and the charge allowing conviction for the taking of "one (1) automobile and current money of the United States of America or any part thereof." [1]

No objection having been made to this instruction, there is nothing before us for review. Taylor v. State, supra; Whitson v. State, supra.

■ However, we find no error in the instruction in the court's charge. In a robbery case, it is not necessary to prove that all of the property alleged to have been taken was taken. Proof that a portion was taken is sufficient. Mize v. State, Tex. Cr.App., 400 S.W.2d 761; Mindieta v. State, 168 Tex.Cr.R. 318, 330 S.W.2d 448; Hall v. State, 160 Tex.Cr.R. 553, 272 S.W. 2d 896.

Appellant has filed a pro se brief in these cases. We have considered his contentions and find them to be without merit.

The judgments are affirmed.

Opinion approved by the Court.

1. The alleged error was the inclusion of the phrase "or any part thereof."