**AMERICAN CIVIL LIBERTIES UNION and Jane Koe, Appellants,**

v.

**O. Harry BOZARDT, Jr., et al., Appellees.**

**No. 75–1335.**

United States Court of Appeals, Fourth Circuit.

Argued Oct. 9, 1975.

Decided March 8, 1976.

---

Laughlin McDonald, Atlanta, Ga. (Ray P. McClain, Charleston, S. C., Melvin L. Wulf, New York City, Charles Morgan, Jr., Washington, D. C., on brief), for appellants.

Richard B. Kale, Jr., Asst. Atty. Gen. of S. C. (Daniel R. McLeod, Atty. Gen. of S. C. and Joseph C. Coleman, Deputy Atty. Gen. of S. C., Columbia, S. C., on brief), for appellees.

Before BOREMAN and BRYAN, Senior Circuit Judges, and FIELD, Circuit Judge.

BOREMAN, Senior Circuit Judge:

One of the appellants, pursuing this action under the fictitious name Jane Koe, is an attorney licensed to practice law in South Carolina who performs legal services

for the other appellant, the American Civil Liberties Union (hereinafter the ACLU). Koe and the ACLU seek federal equitable relief blocking state disciplinary proceedings initiated against Koe by the Board of Commissioners on Grievances and Discipline of the South Carolina Bar (hereinafter the Board). They contend that the Board's investigation of a complaint filed against Koe charging her with professional misconduct violates rights guaranteed by the first and fourteenth amendments to the Constitution of the United States and 42 U.S.C. § 1983.

This action arose as a result of a complaint filed with the Board charging that Koe, by writing a letter to a prospective client offering the legal services of the ACLU, performed acts which constituted solicitation and violated the Canons of Ethics adopted by the South Carolina Supreme Court. Koe contends that since her services for the ACLU are rendered without fee, she has not violated the Canons of Ethics, and that the investigation of the complaint by the Board and the Attorney General of South Carolina amounts to bad faith harassment intended to discourage the activity of the ACLU. Koe and the ACLU initiated this action in the federal district court seeking declaratory and injunctive relief preventing the Board from prosecuting or otherwise processing both the complaint filed against Koe and similar future complaints which may be filed against other ACLU attorneys. The Board moved for dismissal of the action. The district court, in a well reasoned opinion, granted the Board's motion to dismiss on the ground that federal relief was barred under the principles set forth in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), as applied by the Second Circuit in *Erdmann v. Stevens,* 458 F.2d 1205 (2 Cir.), *cert. denied,* 409 U.S. 889, 93 S.Ct. 126, 34 L.Ed.2d 147 (1972).

On appeal, Koe and the ACLU contend that even if *Younger* is a bar to the relief requested, the district court should have abstained and retained jurisdiction rather than dismissing the federal complaint. We find no merit in this argument.

Abstention is generally held to be appropriate in cases in which both state and federal questions arise, and it is recognized that an action pending in state court will likely resolve state law questions which are dispositive of the federal claim. *Harris County Comm'rs Court v. Moore,* 420 U.S. 77, 95 S.Ct. 870, 43 L.Ed.2d 32 (1975). However, the *Younger* bar to federal intervention involves different considerations; it is recognized that when both state and federal questions are properly presented before a state court in pending state criminal proceedings, *see Younger, supra,* or in certain pending state civil proceedings, *see Huffman v. Pursue, Ltd.,* 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975), principles of comity and federalism require that the federal courts not be permitted to interfere in the ongoing state proceedings. The underlying consideration of the *Younger* rule is the recognition that any federal claim properly asserted in and rejected by the state court is subject to review by the United States Supreme Court. 420 U.S. at 605, 95 S.Ct. 1200. Since the federal claim will eventually be subject to consideration by the Supreme Court, abstention appears to have no application to cases in which *Younger* bars relief. In this regard, the Supreme Court has stated that "[u]nlike those situations where a federal court merely abstains from decision on federal questions until the resolution of underlying or related state law issues . . . *Younger v. Harris* contemplates the outright dismissal of the federal suit, and the presentation of all claims, both state and federal, to the state courts." *Gibson v. Berryhill,* 411 U.S. 564, 577, 93 S.Ct. 1689, 1697, 36 L.Ed.2d 488 (1973). We are not aware of any authority which suggests that dismissal is inappropriate in cases in which *Younger* bars federal intervention, and the appellants have cited no cases which support such a position. Thus, we conclude that dismissal was appropriate upon the court's determination that *Younger* was a bar to federal intervention.

The ACLU further contends that even if dismissal of Koe's complaint was appropriate under *Younger,* dismissal of the ACLU's complaint was improper because

there was no state proceeding pending directly against it. Although the district court opinion does not assign specific reasons for dismissal as to the ACLU, we conclude that the ACLU's complaint was properly dismissed.

[redacted] In the instant case, the ACLU clearly has no independent standing to challenge state disciplinary proceedings since no disciplinary proceedings can be brought against the ACLU itself. However, in *Allee v. Medrano,* 416 U.S. 802, 94 S.Ct. 2191, 40 L.Ed.2d 566 (1974), the Court recognized that a labor union has standing as a named plaintiff to raise any claims that one of its members would have standing to raise under 42 U.S.C. § 1983, if the union was in a position to suffer real injury derivatively when there was infringement upon the first amendment rights of its members. The ACLU contends that under *Allee* it has derivative standing in the instant case, but we find it unnecessary to reach this question since, even if the ACLU has standing, the relief sought by the ACLU would be barred by *Younger v. Harris.*

[redacted] If the ACLU were found to have standing to assert rights of its associated attorneys derivatively, and this standing was asserted only on the basis of the injury to Koe, it is clear that the organization's action for equitable relief would be subject to the same restrictions as Koe's action, since its rights would be derived entirely from Koe's rights. The ACLU contends, however, that it is also asserting rights of associated attorneys other than Koe who have no state proceedings pending against them, and are not burdened by the *Younger* restrictions. Since its other associated attorneys would not be subject to the *Younger* restrictions in a suit for federal equitable relief, the ACLU claims that it should not be subject to *Younger.* We reject this contention. The Supreme Court has held that persons not presently subjected to state proceedings may seek declaratory relief with respect to threatened prosecutions without meeting the requirements of *Younger. Steffel v. Thompson,* 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974). In *Steffel,* however, declaratory relief was sought by an individual; thus any federal equitable relief which he received would affect only subsequent state proceedings initiated against him. In the present case, because federal equitable relief is sought by the ACLU on behalf of its members, a grant of federal relief would necessarily have an effect upon all ACLU associates, including Koe. To permit the ACLU to assert rights of those associates not bound by the *Younger* restrictions in order to obtain federal equitable relief which would necessarily benefit all its associates would directly interfere with the pending state proceedings, and have the effect of circumventing the *Younger* restrictions which bar Koe from seeking direct federal relief. We conclude that *Allee* and *Steffel* were not intended to be interpreted so as to permit a litigant to avoid *Younger* restrictions merely by joining his claim with claims of others asserting a joint interest.

After argument was heard on this appeal, Koe and the ACLU moved this court to remand their case to the district court, contending that action taken by the Board terminated the disciplinary proceedings against Koe and removed the necessity for federal "abstention." Because the district court did not "abstain," but rather dismissed the federal complaint on the ground that *Younger* barred relief, we view this as a motion to remand on the ground that the Board's action removed the *Younger* bar to federal intervention.

In this motion to remand, Koe and the ACLU allege that after this appeal was filed the investigating panel recommended that Koe be given a "private reprimand" which was administered by the Board on January 9, 1976.[1] They argue that because

1. At oral argument Koe's counsel tendered documents to the court which he represented to be copies of the investigating panel's confidential report and recommendation. The Board's counsel objected and we ordered these documents sealed and retained by the clerk pending our determination of what action should be taken with respect thereto. Having concluded that the report could not affect this decision,

the administration of the "private reprimand" has the effect of ending the state disciplinary proceeding and no "appeal" is provided to the state courts from this "private reprimand," the *Younger* considerations of comity and federalism which barred the district court from considering the case no longer exist. The Board counters this argument by asserting that because section 34 of the South Carolina Supreme Court's Rule on Disciplinary Procedure recognizes that court's authority to require certification to it of the record in any disciplinary proceeding "for such action as it deems proper," there has been no final state determination in these disciplinary proceedings.[2] The Board argues further that since Koe may still seek certification for review from the state Supreme Court, she has not exhausted her state remedies, and that *Younger* continues to bar federal intervention.

■ We think that the plain language of section 34 does not give Koe the right to "appeal" the Board's finding to the South Carolina Supreme Court. This recently adopted section serves only to bolster earlier interpretations by the South Carolina Supreme Court holding that it has the ultimate responsibility to resolve all disciplinary proceedings. We find section 34 entirely consistent with prior judicial pronouncements of that court that

> [the members of the Board are] commissioned and charged with the duty of investigating alleged misconduct on the

part of their fellow members of the bar of this State and of reporting to this court the proceedings of their inquiry, and their findings and recommendations; that the Board's report is advisory only, this court being in nowise bound to accept its findings of fact or to concur in its recommendations; and upon this court alone rests the duty and the grave responsibility of adjudging, from the record, whether or not professional misconduct has been shown, and of taking appropriate disciplinary action thereabout.

*Burns v. Clayton*, 237 S.C. 316, 117 S.E.2d 300 (1960).

■ Koe's argument appears to be based upon her interpretation of the provisions of section 11 of the Rule on Disciplinary Procedure, which states that, upon a finding by the Board that the attorney is guilty of misconduct, the Board may administer a "private reprimand."[3] Since there is no provision in any other section of the South Carolina Supreme Court's Rule on Disciplinary Procedure under which one who is subjected to a "private reprimand" may obtain review by that court, Koe contends that the Board's administration of a "private reprimand" has the effect of rendering final judgment on her case. If section 11 is interpreted as Koe urges, there appears to be an ambiguity between it and section 34, which clearly recognizes the power of the highest state court to review

we direct that the sealed documents be returned to appellant's counsel.

2. Section 34 of the South Carolina Supreme Court's Rule on Disciplinary Procedure, as amended June 12, 1975, states:

> Nothing in these rules shall be construed to deprive the Supreme Court of the authority to require the certification to it of the record in any case, for such action as it deems proper.

3. Section 11 of the South Carolina Supreme Court's Rule on Disciplinary Procedure, as amended June 12, 1975, states, in pertinent part:

> Upon consideration of the report of the panel, and the showing made to the Board, the Board of Commissioners may:

> (a) Refer the matter back to the panel for further hearing; or
> (b) Order a further hearing before the said Board of Commissioners; or
> (c) Proceed upon the certified report of the prior proceedings before the panel.

> Upon its final review, the Board of Commissioners may either dismiss the complaint or find that the respondent is guilty of misconduct. If the Board shall determine that a private reprimand shall be administered, it shall administer such reprimand. If the complaint is dismissed or if a private reprimand is administered, the Secretary of the Board of Commissioners shall thereupon so notify the respondent, the complainant, all counsel of record, and, when deemed appropriate, and requested in writing by the respondent, the local bar association . . . . .

the Board's findings in *any* proceeding. We find, however, that the provisions of the Rule may be read without conflict if the "findings" of the Board are always considered advisory. Our reading of both *Burns, supra,* and section 34 convinces us that even a "private reprimand" administered under section 11 is to be considered merely advisory until sustained or acquiesced in by the state Supreme Court. Thus, we conclude that there is no final state determination in any disciplinary proceeding until such time as the South Carolina Supreme Court indicates, expressly or by implication, that the Board's findings will either be rejected or permitted to stand.

■ Koe's state remedies are not exhausted until such time as the disciplinary proceedings become final and, until her state remedies are exhausted, *Younger v. Harris* bars both Koe and the ACLU from seeking equitable relief.[4] *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975). In the present case, a final state adjudication of the disciplinary proceedings will not occur until it can be demonstrated that the South Carolina Supreme Court has either expressly decided the question or acquiesced in the decision of the Board.[5] Since Koe and the ACLU have shown neither of the above, the motion to remand is denied.

We affirm the holding of the district court that *Younger v. Harris* bars federal intervention in these state disciplinary proceedings, for the reasons stated in the district court's opinion (D.S.C.1974), and as amplified herein.

*Affirmed.*

---

4. We do not reach the question in the present case as to whether either Koe or the ACLU may renew the action for federal equitable relief if the Board's interpretation of the Canons of Ethics is sustained by the state Supreme Court. Thus, we express no opinion as to what relief would be appropriate under those circumstances.

5. We suggest that if the South Carolina Supreme Court should fail to certify Koe's case upon its own motion as permitted by section 34, Koe may obtain finality by requesting review by that court. If review is denied or no action is taken within a reasonable period, this would have the effect of affirming the Board's findings.