**Mary Bracken POLK, Plaintiff,**

**v.**

**MONTGOMERY COUNTY, MARYLAND, et al., Defendants.**

**Civ. A. No. J–82–194.**

United States District Court, D. Maryland.

Sept. 30, 1982.

L. Palmer Foret, Theresa E. Mulholland, Rockville, Md., for plaintiff.

Paul A. McGuckian, Co. Atty., Suzanne Levin and Carole A. Jeffries, Asst. Co. Attys., Jerome C. Schaefer, Rockville, Md., for defendants.

## MEMORANDUM AND ORDER

SHIRLEY B. JONES, District Judge.

Plaintiff, Mary Bracken Polk, brought this action against ten defendants on January 25, 1982, pursuant to 42 U.S.C. § 1983 and state law, based upon her arrest pursuant to a bench warrant issued by the District Court of Montgomery County, and her imprisonment in a Montgomery County detention center, on January 26 and January 27, 1981. Defendant James A. Young, Sheriff for Montgomery County, filed a motion to dismiss the complaint against him, or in the alternative for summary judgment, and has moved for costs and attorneys' fees. The Court has considered the memoranda and oral arguments of counsel at a hearing conducted on defendant's motions.

*Allegations and Evidence of Personal Involvement*

 Other than the caption, the only mention of defendant Young by name is in paragraph 5 of the complaint in which Sheriff Young is identified as an employee of Montgomery County, Maryland. Even under the liberal pleading standards of the Federal Rules of Civil Procedure, the absence of any factual allegations against a named defendant will entitle that defendant to have the complaint dismissed as to him, pursuant to F.R.Civ.P. 12(b). The absence of any allegations that Sheriff Young was personally involved in Ms. Polk's arrest and imprisonment is fatal to the complaint as it relates to defendant Young. *See Carr v. Bell,* 492 F.Supp. 832, 835 (N.D.Fla. 1980)(personal involvement must be proved in 42 U.S.C. § 1983 action).

Plaintiff contends that allegations against defendant Young are raised in paragraphs 13, 33, 34 and 56 of the complaint. Those paragraphs merely allege in general, conclusory language, that all of the named defendants, individually and in concert with each other, performed the allegedly tortious acts stated elsewhere in the complaint and caused the plaintiff severe injury as a result thereof. The broad conclusory allegations that defendants were all part of a conspiracy or that each participated in the wrongful conduct, unsupported by specific factual averments relating to defendant Young's alleged involvement is insufficient to state a cause of action against defendant Young. *Marvasi v. Shorty,* 70 F.R.D. 14, 23 (E.D.Pa.1976); *see also Landesman v. City of New York,* 501 F.Supp. 837 (E.D.N.Y. 1980).

Even were the Court to conclude that the complaint successfully stated a claim upon which relief could be granted against defendant Young, his uncontroverted affidavit and deposition testimony conclusively establish that there is no genuine issue of material fact present and that defendant Young is entitled to summary judgment as a matter of law.

He states in his affidavit that neither the Department of Correction and Rehabilitation of Montgomery County, Maryland, the Montgomery County Detention Center, nor the Montgomery County Police Department, the employees of which are alleged to have participated in the arrest and imprisonment of Ms. Polk, are under his direction and control. He further states that not only did he not participate in the allegedly illegal arrest and imprisonment of plaintiff on January 26 and 27, 1981, he was not even present at the detention center to which Ms. Polk was transported and imprisoned on those dates. He expanded on those denials in his deposition testimony, in which he stated that his office does not have, and to his knowledge never has had, responsibility for serving bench warrants issued by the District Court of Montgomery County, and that his only involvement with county detention centers is to transport prisoners to and from those facilities. (Young Dep. at 7).

*Legal Responsibilities of County Sheriff*

█ Plaintiff also contends that even if defendant Young did not personally participate in the arrest or imprisonment of her, he is by law charged with the responsibility for the safekeeping of county prisoners, and is liable for any harm they might suffer while incarcerated, regardless of his actual personal involvement in this arrest and imprisonment. However, the complaint does not allege that defendant Young was responsible for the safekeeping of plaintiff while she was imprisoned at the county detention facility. Moreover, even were such a duty pleaded, the Court holds that no such duty exists under Maryland law.

In Maryland, sheriffs are constitutional officers and "exercise such powers and perform such duties as now are or may hereafter be *fixed by law*." Md.Const., art. 4, § 44 (1981)(emphasis added). The General Assembly has entrusted the sheriffs of the various counties with the general responsibility for the safekeeping of prisoners committed to their custody. "The sheriff shall safely keep all persons committed to his custody by lawful authority until such persons are discharged by due course of law." Md.Ann. Code art. 87, § 45 (1979). However, article 87 provides elsewhere that where the county council provides for the appointment of a jailor or warden of the county jail, that jailor or warden is responsible for the safekeeping of prisoners while they are in his jail, not the sheriff. Md. Ann.Code, art. 87, § 48 (1979). Montgomery County has so provided. It has created a department of correction and rehabilitation, Montgomery County Code, § 2–28, has empowered a director of that department with the authority to promulgate rules and regulations pertaining to the administration of the department, and specifically provided that the director shall be responsible for the safekeeping of prisoners during the time in which they are lawfully committed to the department. Montgomery County Code § 13–01.

Those provisions notwithstanding, plaintiff argues that the county sheriff has not been relieved of his common law responsibilities for the safekeeping of prisoners, and relies on *Bowie v. Evening News Co.,* 151 Md. 285, 134 A. 214 (1926), and *Scott v. State,* 1 Md.App. 481, 231 A.2d 728 (1967). In *Bowie,* the Court held that a county ordinance that provided that the sheriff "be allowed" a warden did not divest the sheriff of his responsibility for the safekeeping of prisoners, in light of other sections of the county code that explicitly provided for the administration of the jail by the sheriff. In the instant case, however, the relevant county code provision clearly empowers the director with control over the regulation of the county detention facilities and its prisoners, and contains no separate provisions entrusting the administration of the jails to the sheriff. In *Scott,* the Maryland Court of Special Appeals held that a provision of the Maryland Annotated Code that authorized constables to serve and return warrants did not impliedly repeal a different section of the Code which granted similar powers to sheriffs. In contrast, the provision of the Maryland Code at issue in this case entrusting the safekeeping of prisoners to sheriffs is limited in scope to persons "committed to his custody." Md.Ann. Code art. 87 § 45. That provision is consistent with art. 87, § 48, which allows the county to commit prisoners to the custody of the wardens of the county jails. Those prisoners have not been committed to the sheriff's custody, so to construe Md.Ann. Code, art. 87, § 48, Montgomery County Code § 2–28 and § 13–1 as operating to relieve the Montgomery County sheriff of legal responsibility for persons confined in county detention facilities is consistent with the provisions of Md.Ann. Code, art. 87, § 45.[1]

---

1. Plaintiff's reliance on language from the opinion by Judge Miller in *Epps v. Levine,* 457 F.Supp. 561 (D.Md.1978) in which he stated that "the legal responsibilities of all sheriffs and wardens are the same for purposes of this case," 457 F.Supp. at 565, n. 2, is also misplaced. In that case the Court, in explaining its order certifying a defendant class in a civil rights action brought on behalf of pretrial detainees, did not state that the responsibility of the sheriff and jail wardens is coextensive in each county; rather, it noted that the legal

Since Montgomery County has transferred control of prisoners detained at county detention facilities from the sheriff to the director of the Department of Correction and Rehabilitation, and there is no evidence that Sheriff Young actually participated in the allegedly illegal arrest or imprisonment of plaintiff, defendant Young's motion to dismiss will be granted.

*Motion for Costs and Attorneys' Fees*

■ Attorneys' fees to prevailing parties under 42 U.S.C. § 1988 should be granted sparingly to defendants in civil rights actions brought under § 1983. A plaintiff should not be assessed his opponents attorneys' fees unless the Court finds that his claim was frivolous, unreasonable, or groundless, or that plaintiff continued to litigate after it clearly became so. *Hughes v. Rowe,* 449 U.S. 5, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980).

■ Although this Court has rejected the legal theory under which plaintiff has proceeded against this defendant, it is not prepared to label that theory frivolous. It has been noted that the legal role of the sheriff in Maryland is a subject of longstanding confusion. *See Epps v. Levine,* 457 F.2d at 565 n. 2; Note, *The Maryland Sheriff v. Modern and Efficient Administrators of Justice,* 2 U.Balt.L.Rev. 282 (1973). This Court holds that sheriffs do not retain legal responsibility for county prisoners in a county which has transferred control of the jail to a warden or, as in this case, a director of Department of Correction and Rehabilitation; however, the contrary position is not so frivolous, unreasonable, or groundless as to justify the imposition of costs and attorneys' fees. Accordingly, the motion for costs and attorneys' fees is denied.

responsibility of wardens in those counties which had transferred control of the county jail from the sheriff to a warden was identical to that of a sheriff in a county in which no such transfer had been effected. Significantly, it stated that the defendant class encompassed "all city and county jail wardens and sheriffs *exercising custody of pretrial detainees," id.* at 565, n. 2 (emphasis added), rather than all sheriffs as it would have if sheriff retained legal responsibility for county detainees in counties which had transferred control of jails to the wardens.