Rev. Anna M. CLARK, Plaintiff,

v.

Roy SIERRA, Nancy Sierra, Margarite M. Hart, Robert Farrell, Virginia Farrell, William C. Crowder and Manuel Menendez, Jr., Defendants.

No. 93–443–Civ–T–17A.

United States District Court, M.D. Florida, Tampa Division.

Nov. 15, 1993.

Anna M. Clark, pro se.

Robert Farrell, pro se.

Virginia Farrell, pro se.

Henry West Hicks, Henry W. Hicks, P.A., Tampa, FL, Mark James Ragusa, Shear, Newman, Hahn & Rosenkranz, P.A., Tampa, FL, Paul J. Martin, Atty. General's Office, Dept. of Legal Affairs, Tallahassee, FL, for defendants.

## MEMORANDUM AND ORDER

KOVACHEVICH, District Judge.

This cause is before the Court on Defendants', MARGARITE M. HART, ROBERT FARRELL, VIRGINIA FARRELL, and MANUEL MENENDEZ, Motions to Dismiss.

### Standard of Review

The pleadings of a *pro se* litigant are to be held to less stringent standards than those drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). However, a *pro se* litigant must still meet minimal pleading standards. *Olsen v. Lane*, 832 F.Supp. 1525 (M.D.Fla.1993).

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

### Facts

On September 2, 1983, Defendants ROY SIERRA and NANCY SIERRA, his wife, ("the SIERRAS") executed and delivered a promissory note and a purchase money mortgage securing payment to the Veterans Administration for the purchase of a home located at 5118 Town & Country Blvd., Tampa, Florida. On July 20, 1984, the SIERRAS conveyed the home by warranty deed to Plaintiff, REV. ANNA CLARK. Plaintiff executed a mortgage deed in favor of the SIERRAS that same day. Additionally, Plaintiff executed a quit claim deed to herself and her husband, Clifford Clark.

On March 28, 1986, Plaintiff conveyed the property to Defendant MARGARITE M. HART ("HART") by warranty deed. On April 1, 1991, HART conveyed the property to Defendants ROBERT FARRELL and VIRGINIA FARRELL ("FARRELLS"), his wife.

Sometime during the year 1992, the Secretary of Veterans Affairs, an Officer of the United States of America, filed a foreclosure suit in the Thirteenth Judicial Circuit of the State of Florida in and for Hillsborough County against the FARRELLS, the SIERRAS, (represented by their attorney, Defendant, WILLIAM C. CROWDER ("CROWDER")), Plaintiff and her husband, and Hillsborough County (Case No. 92–06744(B)). Further, the Plaintiff is listed in one caption as a Cross Claim Defendant in said suit.[1] On December 17, 1992, Defendant, MANUEL MENENDEZ, JR., a Circuit Judge for Hillsborough County, denied SIERRAS' Motion for Summary Judgment. On February 10, 1993, the Veterans Administration was awarded judgment of foreclosure in the amount of $50,878.56.

On August 12, 1992, Plaintiff and her husband were awarded a default judgment against the FARRELLS in the amount of

---

1. Information regarding this suit is scanty and has been gleaned by this Court from portions of exhibits that were attached to the Complaint. This procedural history is provided merely for background and not as part of the substantive issues or motions to be decided in this Order.

$5,127.00 signed by the Honorable James M. Barton, II, Hillsborough County Judge.

Plaintiff, *pro se*, filed the instant action on March 16, 1993, seeking both compensatory and punitive damages. Plaintiff alleges jurisdiction under 28 U.S.C. §§ 1331, 1343, and the 14th Amendment of the Constitution of the United States. All Defendants, except for CROWDER and the SIERRAS, have filed Motions to Dismiss.

Plaintiff's complaint stems from her belief that she has been injured by each defendant in a variety of ways including but not limited to FARRELLS' failure to pay the judgment Plaintiff obtained against them, MENENDEZ'S denial of SIERRAS' Motion for Summary Judgment and his comments regarding Plaintiff's courtroom decorum, CROWDER'S adversarial cross examination of Plaintiff, and the fact that HART was not included in the foreclosure action filed by the Veterans Administration.

## DISCUSSION

■ The Federal Rules of Civil Procedure require that a complaint contain a "'short and plain statement of the claim' that will give the defendant(s) fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Even under the so-called notice rules of pleading, the complaint must state a cause of action sufficient to affirmatively show the plaintiff is entitled to relief, for

> [i]t is not enough, to indicate merely that the plaintiff has a grievance but sufficient detail must be given so that the defendant, and the Court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery.

2A J. Moore & J. Lucas, *Moore's Federal Practice* P 8.13 at 8–118 (2 ed. 1984) (citations omitted).

In civil rights and conspiracy actions, courts have recognized that more than mere conclusory notice pleading is required. In civil rights actions, it has been held that a complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory. *See, e.g., Burnett v. Short*, 441 F.2d 405 (5th Cir.1971); *Guedry v. Ford*, 431 F.2d 660 (5th Cir.1970).

After a careful review and analysis of all pleadings in this case, and in viewing them in the light most favorable to the Plaintiff, this Court finds that Plaintiff has failed to state a claim against the Defendants "with sufficient intelligibility for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Old Time Enters., Inc. v. Int'l Coffee Corp.*, 862 F.2d 1213, 1218 (5th Cir.1989).

Defendant MENENDEZ'S motion to dismiss or in the alternative, motion for summary judgment, is based on three theories: (1) the complaint is factually insufficient and merely provides weak, conclusory allegations which justify dismissal; (2) Plaintiff alleges subject matter jurisdiction under §§ 1331, 1343, and the 14th Amendment but fails to state a claim upon which relief can be granted because there is no reference to a violation of any right protected by the Constitution or federal law; and (3) Judicial immunity applies because Defendant Menendez's contact with plaintiff was in his capacity as a Florida circuit court judge. MENENDEZ properly states in his Motion to Dismiss that it has been clearly established in this Circuit that "in civil rights ... actions courts have recognized that more than mere conclusory notice pleading is required. [Accordingly], it has been held that a complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory." *Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir.1984).

■ To determine if a Judge is entitled to judicial immunity, we must apply the two-part test of *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978): (1) whether the Judge's actions were made while acting in his judicial capacity; and if so, (2) whether or not these actions fall clearly outside the Judge's jurisdiction as a circuit court judge in Florida. If both parts of this test are met, despite the egregious and injudicious character of his actions, a Judge is absolutely immune from liability under the Civil Rights Acts.

■ In Plaintiff's Complaint, she has not alleged that MENENDEZ acted without jurisdiction in entering Orders in the underlying state court proceedings and since the judicial function MENENDEZ was performing was clearly judicial in nature, then MENENDEZ was acting within his jurisdiction as a circuit court judge and absolute judicial immunity applies. *See Scott v. Hayes,* 719 F.2d 1562 (11th Cir.1983).

■ As to Defendant HART, her name appears in the caption of the case; however, the only references to her within the complaint are in the form of questions by the Plaintiff as to why the foreclosure action was not directed at HART. This minimal reference to HART does not even attempt to establish any cognizable action at law. Under the liberal pleading standards of the Federal Rules of Civil Procedure, absence of any factual allegation against a named defendant will entitle that defendant to have the complaint dismissed as to him. *Polk v. Montgomery County, Maryland,* 548 F.Supp. 613 (D.C.Md.1982). When a defendant is merely named in the caption of a complaint but is nowhere claimed to have caused the plaintiff injury, the complaint against him must be dismissed even under the liberal construction to be given to *pro se* complainants. *Potter v. Clark,* 497 F.2d 1206 (7th Cir.1974). Plaintiff's broad and unspecific conclusory allegations unsupported by specific factual averments relating to Defendant HART's alleged involvement is insufficient to state a cause of action against HART. Accordingly, it is

**ORDERED** that Defendants', MARGARITE M. HART, ROBERT FARRELL, VIRGINIA FARRELL, and MANUEL MENENDEZ, Motions to Dismiss are hereby **granted.** The Court grants leave to amend within 20 days of the date of this order.

**DONE and ORDERED.**